## Commonwealth *v.* Scheetz, Appellant.

Submitted March 24, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Lawrence Sager* and *Sager & Sager Associates,* for appellant.

*Paul W. Tressler* and *Stewart J. Greenleaf,* Assistant District Attorneys, *Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 12, 1970:

Appellant was found guilty of larceny and burglary on Bill No. 372 of June Term, 1966. On February 24, 1967, he was sentenced on that bill to a term of eight months to three years, sentence to be computed from July 21, 1966. On March 17, 1967, the trial court suspended its sentence and placed appellant on probation for three years. On February 6, 1969, appellant was found to have violated the terms of his probation. The trial court then revoked his probation and sentenced him to a term of two to five years, sentence to be computed from November 13, 1968.

Appellant filed a petition under the Post Conviction Hearing Act, alleging, among other things, (1) that the court was without power to impose a sentence of two to five years following revocation of his probation; and (2) that the court erred in not crediting him with the time he was incarcerated from July 21, 1966, to March 17, 1967, a period of almost eight months. From denial of his petition, this appeal followed.

The general rule has been that a trial court cannot modify its sentence once the term of court or thirty days has passed. *Commonwealth v. Mayloy*, 57 Pa. (7 P. F. Smith) 291 (1868); *Commonwealth v. Allen*, 217 Pa. Superior Ct. 59, 266 A. 2d 799 (1970) (dissenting opinion). See also Act of June 1, 1959, P. L. 342, §1, 12 P.S. §1032 (Supp. 1970). But cf. *Commonwealth v. Silverman*, 217 Pa. Superior Ct. 68, 266 A. 2d 794 (1970) (dissenting opinion). Accordingly the trial court was empowered to reduce appellant's sentence from a prison term of eight months to three years to a suspended sentence and place appellant on probation, within the term of court or thirty days. However, when appellant violated his probation without the term of court and thirty days, the court could do no more than reinstate the sentence originally imposed. It could not increase that sentence, as it attempted to do, so that appellant would serve two to five years. Accordingly, appellant's sentence, which he began serving again November 13, 1968, should be eight months to three years.

With regard to that sentence, appellant should be given credit for the time served thereon, from July 21, 1966, until March 17, 1967. Act of May 28, 1937, P. L. 1036, §1, 19 P.S. §894. Accordingly, appellant's sentence, which he began serving again November 13, 1968, should run for two years, four months, and four days, or until March 17, 1971, at its maximum.

The order of the lower court is reversed and the record is remanded so that the court may correct the sentence in accordance with this opinion.