## Commonwealth *v.* Jackson, Appellant.

Argued September 22, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Charles W. Gross,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Ivan Michaelson Czap,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

In June, 1969 appellant was convicted of assault and battery, aggravated assault and battery, and assault and battery with intent to maim, by a judge sitting without a jury. The court accepted the recommendation of counsel and imposed a five-year probation and ordered restitution of $1500 within one year. New counsel later replaced the trial attorney and informed the judge that the court was without power to order restitution in an assault and battery case.[1] The court then vacated the original sentence and sentenced appellant to eleven and one half to twenty-three months.

Before 1970 the law was clear in Pennsylvania that a court was without power to direct a defendant to make restitution in an assault and battery case. *Commonwealth v. Rouchie,* 135 Pa. Superior Ct. 594, 7 A. 2d 102 (1939). Act of June 24, 1939, P. L. 872, §709, 18 P.S. §4709. Therefore, the lower court was correct in vacating the invalid condition of the original sentence which ordered restitution.

In the recent case of *Commonwealth v. Silverman,* 442 Pa. 211, 275 A. 2d 308 (1971), our Supreme Court held that a modification of a sentence imposed on a

[1] The conviction and sentencing in this case took place prior to passage of the Act of November 27, 1970, P. L. , Sec. 1, 18 P.S. 5109, (b)(1) (Supp. 1970), which provides for restitution in crimes involving personal injury.

criminal defendant which increases the punishment constitutes double jeopardy. In the instant case a valid sentence of five years probation was imposed. When this sentence was vacated and *increased* to a prison term, there was a violation of double jeopardy. There is no exception to the *Silverman* rule even if the increase is allegedly designed to reflect the judge's true intent, or if a "windfall" to the prisoner may result. Allowing a trial judge to correct his inadvertent imposition of an illegal condition on a sentence by increasing the prison term cannot be tolerated as a matter of public policy. *Commonwealth v. Allen,* 443 Pa. 96, 277 A. 2d 803 (1971).

The judgment of sentence is vacated and the matter is remanded to the lower court for resentencing consistent with this opinion.