## Commonwealth *v.* Davy, Appellant.

Submitted March 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

John H. Chronister, Assistant Public Defender, for appellant.

J. Patrick Clark, First Assistant District Attorney, and Harold N. Fitzkee, Jr., District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

On August 13, 1969 appellant pled guilty to 27 counts of delivering checks with intent to defraud. Sentence was suspended, and he was placed on probation for a period of two years. On April 13, 1970 appellant was ordered recommitted for violation of probation, and on May 4, 1970 he was resentenced to two consecutive terms of one to two years.

Subsequently appellant filed a Post Conviction Hearing Act petition alleging, inter alia, that his resentencing violated the constitutional prohibition against double jeopardy. From denial of that petition, this appeal followed.

In Commonwealth v. Scheetz, 217 Pa. Superior Ct. 76, 268 A. 2d 193 (1970), this Court was presented with a similar factual situation. There appellant was given a suspended sentence of eight months to three years. Subsequently, he violated the terms of his probation and was sentenced to a term of two to five years. This Court held that this resentencing was improper, and that the lower court could only reinstate the original sentence, not increase that sentence. Moreover, in the recent case of Commonwealth v. Silverman, 442 Pa. 211, 275 A. 2d 308 (1971), the Pennsylvania Supreme Court held that a modification of a sentence imposed

on a criminal defendant which increased the punishment is double jeopardy.

In the instant case, appellant originally received a suspended sentence of two years. Upon resentencing for violation of probation, this sentence was not merely reinstated, but modified and increased to a term of two to four years. By increasing the original sentence, the court punished appellant twice for the same offense.

The order of the lower court is reversed and the record remanded for resentencing consistent with this opinion.