Opinion by
Hoffman, J.,
On August 4, 1966, appellant was tried on two indictments, each charging him with assault with intent to rob and robbery. Appellant was found guilty on one of the bills, and not guilty on the other bill. On October 21, 1966, the trial judge placed the appellant on probation for five- years under strict supervision. On October 30, 1970, probation was revoked and the *231 appellant was sentenced to a period of imprisonment of not less than three nor more than ten years.
Appellant contends that a sentence with a maximum of ten years, which exceeded the original fire-year period of probation set by the trial judge, was imposed unlawfully and constituted double jeopardy.
A trial judge in Pennsylvania has the power to either suspend or defer the imposition of a prison sentence.[1] The consequences of a violation of probation depend on which of the two alternative courses the trial judge has previously taken.
If a defendant is sentenced, but the judge chooses to suspend sentence pending a period of probation, the trial judge may re-sentence the defendant if he violates that probation. The maximum period of the re-sentence is limited, however, to the maximum term under which the defendant was originally sentenced. Our Supreme Court has held that a “modification of a sentence imposed on a criminal defendant which increases the punishment constitute[s] further or double jeopardy.” Commonwealth v. Silverman, 442 Pa. 211, 215, 275 A. 2d 308 (1971); see also Commonwealth v. Davy, 218 Pa. Superior Ct. 355, 280 A. 2d 407 (1971).
*232 The instant case does not involve a situation where appellant was re-sentenced after a suspended sentence.[2] By exercising the statutory option of imposing a period of probation in lieu of sentencing, the court defers sentencing a defendant to a fixed term of imprisonment until such time as the defendant has violated the conditions of his probation. In other words, the setting of the term of probation is not a term of sentence, and may not act as a limitation on the court to impose a sentence for a term of years greater than the probationary period, not in excess of the maximum fixed by law for the particular offense. The sentence imposed by the court in the instant case — a period of imprisonment of not less than three years nor more than ten years — was within the court’s power as authorized by law. It was not a violation of the double jeopardy clause to sentence the appellant to the maximum prison sentence allowable at the time of the original sentencing.[3]
The judgment of sentence is affirmed.

 The Act of May 7, 1925, P. L. 554, §1, 19 P.S. §1051 provides, in part: “Whenever any person shall be convicted in any eonrt of this Commonwealth of [a] crime, . . . and it does not appear to the said eonrt that the defendant has ever before been imprisoned for crime, either in this State or elsewhere, . . . the said eonrt shall have power to suspend the imposing of the sentence, and place the defendant on probation for a definite period, on such terms and conditions, as it may deem right and proper . . ,”
The Act of August 6, 1941, P. L. 861, §25, 61 P.S. §331.25 provides, in part: “Whenever any person shall be found guilty of [a] criminal offense . . . the court shall have the power, in its discretion, . . . instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed.”

 Our attention is directed to Commonwealth v. Jackson, 218 Pa. Superior Ct. 357, 280 A. 2d 422 (1971). That case, however, is in-apposite. There, the trial judge set a period of probation of five years, without suspending sentence, and in addition set a fine of $1500. The conviction and sentencing took place prior to passage of a statute providing, for restitution in crimes involving personal injury. When it became apparent that he had imposed an improper sentence, the trial judge attempted to modify the sentence to 11% to 23 months imprisonment. Our Court reversed the modification as violating the double jeopardy provisions, in that the purported revision was an increase to a prison term not caused by any violation of the terms of the probation. It was held against public policy to allow a trial judge to correct his inadvertent imposition of an illegal condition on a sentence by increasing the prison term. The instant case does involve a violation of probation, and not any increase to a prison term for reasons of the court’s unilateral mistake.

 The sentencing procedure has been considered by the American Bar Association, and that body has suggested, in conformity *233 with the statutes discussed herein, that “[u]pon revocation of probation the court should have available the same sentencing alternatives that were available at the time of initial sentencing.” A.B.A. Standards for Criminal Justice Relating to Probation, Section 1.1 (f). The Bar Association has likewise proposed that a court may sentence the defendant to a term “formulated on the basis of the facts as they then appear,” not limited by the term of the probation previously fixed in lieu of sentencing. A.B.A. Standards Relating to Sentencing Alternatives and Procedures, Section 2.3, comment (d).