## Commonwealth *v.* Young, Appellant.

Argued November 17, 1972. Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent.)

*Wendell G. Freeland,* with him *Lichtenstein & Bartiromo,* for appellant.

*J. Kent Culley,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

In this appeal, we are asked to decide whether a sentencing judge may impose a suspended sentence for an indefinite term, and thereafter resentence appellant to a term of imprisonment after appellant's post-trial motions have been denied.[1]

---

[1] It appears that curious procedural steps were taken in the instant case. Generally, following the entry of a verdict of guilty, defense counsel has seven days in which to file post-trial motions. Rule 1123 of the Pennsylvania Rules of Criminal Procedure provides: "(a) A motion for a new trial shall be filed within seven days after verdict, or within such additional time allowed by the court during the seven-day period." It is only after the time has expired for filing motions, or after said motions have been argued

On January 4, 1971, appellant was tried without a jury on an indictment at No. 2354 March Sessions, 1970, charging him with possession and control of narcotic drugs. An unrelated indictment at No. 5989 June Sessions, 1970, charging appellant and three co-defendants with possession and control of narcotic drugs was tried at the same time. Appellant was found guilty in both cases.

At sentencing, the trial judge declared the following:

"Let me turn to the case at 5989 June Sessions, 1970. It is the sentence of this Court you pay the costs of prosecution and that you be confined to the State Correctional Institution in Greensburg for a period of not less than one or more than two years. So stand committed. In view of the fact that counsel has indicated that a motion for a new trial will be filed within the prescribed period of time, this sentence is suspended pending the disposition of any motion or motions in arrest of judgment and for motion for a new trial.

"Insofar as proceedings at No. 2354 March Sessions, 1970, are concerned, the sentence of this Court is that you pay the costs of prosecution and that sentence on this indictment be suspended by reason of the sentence imposed at No. 5989 June Sessions, 1970."[2] Post-trial motions in both cases were filed on January 7, 1971, *after* sentencing. Almost a year and one-half later, on

and ruled upon that the trial judge may sentence defendant. In the instant case, defense counsel communicated his intention to file post-trial motions to the judge. Nevertheless, on the same day as the verdict was returned, the judge imposed sentence, and then, contrary to common practice, entertained post-trial motions.

[2] The following endorsement appears on the back of the indictment at No. 2354: "Jan. 4, 1971 sentence suspended upon payment of costs of prosecution by defendant by reason of sentence at No. 5984 June 1970. By the Court: FIOK, J."

May 19, 1972, the court below entered an Opinion and Order granting the Motion in Arrest of Judgment at No. 5989 June Sessions, 1970, and denying the post-trial motions filed at No. 2354 March Sessions, 1970.

On May 30, 1972, the same judge ordered the appellant to appear before him, and at that time re-sentenced the appellant in the following manner:

"Therefore, it becomes necessary for me, since this is still within term time, to vacate, of course, the sentence upon which judgment has been arrested and re-sentence in accordance with the law at No. 2354 March Sessions, 1970.

"It is, therefore, the sentence of this Court that you pay a fine of six and a quarter cents for the use of the Commonwealth of Pennsylvania and that you be confined to the State Regional Correctional Facility at Greensburg for a period of not less than one or more than two years, and you so stand committed."

We have said that in sentencing the controlling record is the endorsement of the sentence upon the back of the indictment, signed by the judge. *Commonwealth v. Thomas,* 219 Pa. Superior Ct. 22, 28, 280 A. 2d 651 (1971). A reading of that endorsement (see footnote 2, this opinion) discloses that the original suspended sentence was imposed for an indefinite period of time. Our Supreme Court has unanimously held that where the court chooses not to impose a sentence on a case, the defendant must be placed on probation for a fixed period of time, not to exceed the maximum period of imprisonment allowed by law for the particular offense. *Commonwealth v. Duff,* 414 Pa. 471, 200 A. 2d 773 (1964); see also, 61 P.S. §331.25.[3]

---

[3] That statutory enactment provides, as follows:

"§331.25 Probation by court in lieu of sentence

"Whenever any person shall be found guilty of any criminal offense . . . except murder in the first degree . . . the court shall have

There is no merit in the contention that this Court should permit a trial judge to correct an illegally imposed suspended sentence by conforming the sentence to the judge's "true intention". As our Supreme Court said in *Commonwealth v. Allen,* 443 Pa. 96, 104, 277 A. 2d 803 (1971), "First, the record reveals these sentences were orally imposed *and* recorded on the indictments. Moreover, no attempt was made to correct these sentences for over one year. Thus, there is at least a possibility that the sentences originally imposed by the second judge did not represent a 'slip of the tongue'." In the instant case, nearly a year and a half passed between the imposition of the suspended sentence and resentencing.

Because of the time lapse and because of the effect of such resentencing to increase the punishment from no imprisonment to a term of imprisonment of not less than one year nor more than two years, we are further constrained to disallow such a correction. In *Commonwealth v. Allen,* supra, at p. 103, our Supreme Court stated: "In Com. v. Silverman, 442 Pa. 211, 275 A. 2d 308 (1971), we voided the old rule permitting a sentencing judge to increase the sentence within either the term of court or thirty days if the term of court terminated prior to the thirty-day period in light of Benton v. Maryland, 395 U.S. 784 (1969), which we accorded retroactive application in Com. v. Richbourg, 442 Pa. 147, 275 A. 2d 345 (1971). Accordingly, we held that the 'modification of a sentence imposed on a criminal defendant which increased the punishment constitute[s] further or double jeopardy.' "

the power, in its discretion, . . . instead of imposing such sentence, to place the person on probation *for such definite period* as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed." (Emphasis added.)

452

This Court has held it to be double jeopardy when an indefinite suspended sentence is vacated and a term of imprisonment is imposed. *Commonwealth v. Thomas,* supra. As we said in *Commonwealth v. Jackson,* 218 Pa. Superior Ct. 357, 359, 280 A. 2d 422 (1971): "Allowing a trial judge to correct his inadvertent imposition of an illegal condition on a sentence by increasing the prison term cannot be tolerated as a matter of public policy." See also, *Commonwealth v. Davy,* 218 Pa. Superior Ct. 355, 280 A. 2d 407 (1971).

Since the sentence in the instant case was suspended indefinitely, the trial judge had no power to vacate it and impose a term of imprisonment. *Commonwealth v. Duff,* supra.

The judgment of sentence on the indictment at No. 2354 March Sessions, 1970, is hereby vacated, and appellant is discharged.

WRIGHT, P. J., and CERCONE, J., would affirm the judgment of the lower court.