Commonwealth *v.* Tomlin, Appellant.

Argued June 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

148

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*Steven H. Goldblatt,* Assistant District Attorney, with him *David Richman, John H. Isom,* and *Mark Sendrow,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., February 27, 1975:

On June 29, 1972, appellant was tried and convicted on two bills of indictment charging him with aggravated robbery and aggravated assault. The trial court sentenced him to one to five years' imprisonment on the bill charging aggravated robbery and suspended sentence on the bill charging aggravated assault. The trial court, however, vacated and deferred sentence pending motions in arrest of judgment and for a new trial which were filed on July 5, 1972. On January 4, 1973, the motions were withdrawn. After the reception of psychiatric reports, the trial court sentenced appellant to seven years' probation. Ten months later, appellant appeared before the original trial court for violation of probation. The court revoked probation and imposed a sentence of three and one-half to seven years imprisonment.

The appellant contends that the sentence of three and one-half to seven years subsequent to an initial

imposition of a one to five year term is improper.

It is clearly the law in Pennsylvania that a "modification of a sentence imposed on a criminal defendant which increases the punishment constitute[s] further or double jeopardy." *Commonwealth v. Silverman,* 442 Pa. 211, 215, 275 A. 2d 308 (1971) ; see also *Commonwealth v. Davy,* 218 Pa. Superior Ct. 355, 280 A. 2d 407 (1971) ; *Commonwealth v. Jackson,* 218 Pa. Superior Ct. 357, 280 A. 2d 422 (1971). If a trial court suspends imposition of a sentence and places the defendant on probation, the court is not limited by a term of probation in sentencing the defendant who has violated a condition of probation. *Commonwealth v. Cole,* 222 Pa. Superior Ct. 229, 294 A. 2d 824 (1972). *Cole,* however, articulates a caveat to that power : *"If a defendant is sentenced,* but the judge chooses to suspend sentence pending a period of probation, the trial judge may re-sentence the defendant if he violates that probation. *The maximum period of the re-sentence is limited however, to the maximum term under which the defendant was originally sentenced."* 222 Pa. Superior Ct. at 231. (Emphasis added.)

In *Commonwealth v. Scheetz,* 217 Pa. Superior Ct. 76, 268 A. 2d 193 (1970), the appellant received a sentence of eight months to three years which was changed a month later to a three year period of probation. Subsequent to a probation violation, the appellant was sentenced to a term of two to five years.[1] We held in

---

[1] *Scheetz* was decided when it was the rule that a sentencing judge could alter sentence within a term of court or within thirty days thereafter. The issue is now framed in terms of double jeopardy. See, e.g., *Commonwealth v. Davy,* 218 Pa. Superior Ct. 355, 280 A. 2d 407 (1971). In *Commonwealth v. Silverman,* 442 Pa. 211, 275 A. 2d 308 (1971), decided on double jeopardy grounds, the Supreme Court reversed the trial judge who pronounced sentence on February 20, 1969, and then attempted to increase that sentence the next day.

*Scheetz* that an increased sentence after a probation violation was improper and that the court was limited to a reinstatement of the originally imposed sentence.

The instant case is controlled by *Silverman* and *Scheetz*. Sentence was pronounced, subsequently "vacated", and substituted by a probationary period. The sentence imposed after the violation of probation, therefore, could not exceed the original term of one to five years. Nor can the appellation of "vacating" sentence be a basis to distinguish the instant case from cases in which a definite sentence is "suspended". We have held that jeopardy attaches regardless of technical defect or judicial inadvertence. *Commonwealth v. Allen,* 443 Pa. 96, 277 A. 2d 803 (1971) ; *Commonwealth v. Jackson,* 218 Pa. Superior Ct. 357, 280 A. 2d 422 (1971). The infirmity of increasing a previously imposed sentence is that the trial Judge has evaluated the evidence and on that basis has assessed a proper sentence. Because the trial court pronounced sentence upon the appellant, the court was bound by the terms of the original sentence.[2]

---

[2] *Commonwealth v. Cole,* 222 Pa. Superior Ct. 229, 294 A. 2d 824 (1972) is inapposite because in *Cole* the court imposed probation in "lieu" of sentencing. See also, the Act of May 7, 1925, P.L. 554, No. 297, §1, 19 P.S. §1051, which provides, in part: "Whenever any person shall be convicted in any court of this Commonwealth of [a] crime, . . . and it does not appear to the said court that the defendant has ever before been imprisoned for crime, either in this State or elsewhere, . . . the said court shall have power to suspend the imposing of the sentence, and place the defendant on probation for a definite period, on such terms and conditions, . . . as it may deem right and proper . . ." Likewise, the Act of August 6, 1941, P.L. 861, §25, 61 P.S. §331.25 provides, in part: "Whenever any person shall be found guilty of [a] criminal offense . . . the court shall have the power, in its discretion, . . . instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding

The case is remanded to the lower court for re-sentencing consistent with this opinion.

CONCURRING OPINION BY SPAETH, J.:

I wish to note a procedural point about this case that might otherwise be overlooked.

If appellant had been sentenced to one to seven years in prison, after having been sentenced to one to five, his right not to be subjected to double jeopardy would have been violated. *Commonwealth v. Silverman*, 442 Pa. 211, 275 A. 2d 308 (1971). The present case is different because appellant was not sentenced to one to seven years in prison but was placed on seven years probation. This difference is immaterial: "While an order placing a defendant on probation . . . is not a judgment of sentence [footnote omitted] as that term is construed for the purposes of procedure, it does . . . constitute punishment for the purposes of determining the question of double jeopardy." *Commonwealth v. Vivian*, 426 Pa. 192, 200, 231 A. 2d 301, 305 (1967).

An order placing a defendant on probation is despite its interlocutory nature appealable in cases presenting exceptional circumstances. *Commonwealth v. Washington*, 428 Pa. 131, 236 A. 2d 772 (1968) ; *Commonwealth v. Elias*, 394 Pa. 639, 149 A. 2d 53 (1959). Just as a defendant may appeal a probation order if he claims trial error, *Commonwealth ex rel. Paige v. Smith*, 130 Pa. Superior Ct. 536, 543, 198 A. 812 (1938), so may he appeal if he claims double jeopardy error, at least so it seems to me, from which it follows that if appellant had appealed the order placing him on seven years probation the order would have been vacated and the case remanded for resentencing.

---

the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed."

Appellant did not, however, have to appeal the probation order. As in other cases where an appeal from an interlocutory order is allowed, he could defer appeal until final judgment (the sentence). *Commonwealth v. Elias, supra,* at 642, 149 A. 2d at 55. That is what he did, and I agree that on his appeal the sentence should be vacated for the reasons set forth in Judge HOFFMAN'S opinion.

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent.

The Opinion of the majority in this case theorizes that the action of a lower court in *vacating* a sentence is identical with that of *suspending* a sentence. I cannot agree with that position, especially in light of the factual and procedural history in the instant case.

The record shows that on June 29, 1972, following his conviction, the appellant was immediately sentenced by the trial court to imprisonment for one to five years. Shortly thereafter, on the *same day,* the Court entered the following Order: "Sentence vacated pending filing of motions within seven days. Sentence is deferred, same bail to stand." By this action, and with the particular circumstances of the instant case I believe the lower court completely nullified its earlier pronouncement of sentence. Moreover, the appellant himself made the initial sentencing a nullity when he filed post-trial motions. This is so since a trial court may not enter a *valid* sentence until the time for post-trial motions have expired or until such motions have been argued and decided. See *Commonwealth v. Young,* 223 Pa. Superior Ct. 447, 302 A. 2d 402 (1973) (footnote 1).[1]

---

[1] See also *Commonwealth v. Souder,* 376 Pa. 78, 101 A.2d 693 (1954).

In *United States ex rel. Starner v. Russell,* 378 F. 2d 808 (1967), cert. denied, 389 U.S. 889, 88 S. Ct. 166, 19 L. Ed. 2d 189, rehearing denied, 389 U.S. 997, 88 S. Ct. 488, 19 L. Ed. 2d 501, the United States Third Circuit Court of Appeals passed on a somewhat analogous situation. There the Court held that it was not improper for a State court to increase punishment following a new trial where the first sentence imposed on the prisoner's plea of guilt was vacated.[2] Surely, this Court would not have found the cases of *Commonwealth v. Silverman,* 422 Pa. 211, 275 A. 2d 308 (1971), and *Commonwealth v. Scheetz,* 217 Pa. Superior Ct. 76, 268 A. 2d 193 (1970), to be controlling had the appellant pursued successful post-trial motions, only to be sentenced more harshly following a new trial. I think the lower court's action in vacating its initial sentence in the instant case should be accorded similar treatment.

In reaching my conclusion, I also find it interesting to note that in this case, unlike the cases cited by the majority, the court did not *more harshly* sentence the appellant following his withdrawal of post-trial motions. Rather, the lower court sentenced appellant to *probation* rather than imprisonment.[3] I also deem it significant that the lower court had no psychiatric report at the time of its initial sentencing on June 29, 1972; such a report, however, was considered when the probationary sentence was imposed.[4]

Based upon all of the above, I would affirm.

WATKINS, P. J., joins in this dissenting opinion.

---

[2] See also *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969).

[3] In this regard, compare *Commonwealth v. Jackson,* 218 Pa. Superior Ct. 357, 280 A.2d 422 (1971).

[4] See *North Carolina v. Pearce, supra.*