Commonwealth *v.* Rooney, Appellant.

226

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*John S. Thome, Jr.,* Assistant Public Defender, for appellant.

*Peter F. Schenck,* Assistant District Attorney, with him *Stephen B. Harris,* First Assistant District Attorney,

and *Kenneth G. Biehn*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

Appellant raises two claims: first, that his prison sentence after a payment of monies to the county and a period of probation was illegal; second, that his failure to pay restitution was not willful and, therefore, not a violation of probation.

On April 30, 1971, appellant pleaded guilty to three separate charges of fraudulent conversion.[1] The judge imposed costs of prosecution, payment to the county in lieu of a fine, restitution, and probation on all the bills to which appellant pleaded guilty. The court used the same language on each bill: "... the court directs that you pay the costs of prosecution within six months, *prison sentence be suspended,* and you be placed on probation for a period of three years from this date. One of the conditions of the probation will be that you will pay an additional sum of $500 to the County of Bucks in lieu of a fine within three years, and that you will repay to the National Liberty Insurance Company the sum of $1,962 ..." (emphasis added).

During the period of probation, the appellant paid the costs of prosecution and the sums payable in lieu of fines. He did not, however, pay restitution. Therefore, on May 23, 1974, the district attorney's office filed a petition for a determination that appellant was a probation violator. On June 24, 1974, a hearing was held after which the court found that appellant had violated probation. The court thereafter revoked probation and imposed concurrent sentence on the three bills of indictment of not less than one month nor more than five years plus resti-

---

1. The charges arose out of appellant's activities as an insurance broker for the Bristol Township School District. Appellant collected insurance premiums from the school district and students, but failed to pay over the premiums to the insurance carriers.

tution. Appellant appeals from the court's revocation of probation and from the judgment of sentence.

Appellant's first contention is that by imposing a fine, the court at the time of the original sentence could not also place the appellant on probation. He argues alternatively that because the court suspended prison sentence and imposed three years probation after his guilty plea in 1971, the court was precluded from imposing a sentence for a term longer than three years after the revocation of probation. The appellant contends that a prison term longer than three years would constitute an increase in punishment and, therefore, be a violation of double jeopardy.

The appellant relies upon *Commonwealth v. Peterson,* 172 Pa. Superior Ct. 341, 94 A. 2d 582 (1953), to support his claim that he could not be sentenced to probation and to pay a fine for the same crime: "... an order of probation can be entered only upon suspending the imposition of sentence or instead of imposing such sentence ... In this instance however the defendant was sentenced to pay a fine, and 'Imposing a *fine* is such a sentence that after it is imposed the defendant cannot thereafter be put on probation': *Commonwealth v. Denson,* 157 Pa. Superior Ct. 257, 40 A. 2d 895. A court may suspend sentencing a convicted defendant 'in toto' but it does not have the power to impose two sentences for a single offense by imposing a fine and suspending a prison sentence imposed in the first instance and, at a later term, superadding a second sentence of imprisonment." *Peterson,* supra, at 344-45, 94 A. 2d at 583. Before a court can place a defendant on probation, the sentencing court must either first pronounce and then suspend sentence or give probation in lieu of sentence. See Act of May 7, 1925, P.L. 554, §1, 19 P.S. §1051; Act of August 6, 1941, P.L. 861, §25, 61 P.S. §331.25. We do not dispute the proposition that a fine is a sentence so that a sentencing judge must either suspend the fine before probation can be given or give probation in lieu of a fine.

In the instant case, however, the sentencing court in 1971 acted specifically under 19 P.S. §1051: "... the said court shall have power to suspend the imposing of the sentence, and place the defendant on probation for a definite period, on such terms and conditions, including the payment of money for the use of the county, not exceeding, however, the fine fixed by law for conviction of such offense, as it may deem right and proper ... No such condition for the payment of money shall be considered as the imposition of a fine or a sentence nor prevent the court from thereafter sentencing any defendant under the act under which he or she was convicted ..." See also, *Commonwealth v. MacKay*, 222 Pa. Superior Ct. 234, 294 A. 2d 767 (1972). The 1971 sentences all used the following language: "One of the conditions of the probation will be that you will pay an additional sum of $500 to the County of Bucks *in lieu of a fine* ...", thereby coming directly within the meaning of the statute. (Emphasis added). Thus, the appellant's first argument must be rejected because he was never ordered to pay a "fine."

The appellant contends that even if the original sentence was legal, the 1974 sentence of one month to five years was in excess of his original sentence and, therefore, a violation of double jeopardy. The appellant correctly cites dictum from *Commonwealth v. Cole*, 222 Pa. Superior Ct. 229, 294 A. 2d 824 (1972), that if a court pronounces sentence and thereafter suspends that sentence, "the maximum period of the re-sentence is limited ... to the maximum term under which the defendant was originally sentenced." *Cole*, supra, at 231, 294 A. 2d at 825-826. See also *Commonwealth v. Tomlin*, 232 Pa. Superior Ct. 147, 336 A. 2d 407 (1975). Appellant is incorrect, however, that the dictum in *Cole* is controlling in the instant case. Rather, *Cole* held that "[t]he instant case does not involve a situation where appellant was re-sentenced after a suspended sentence. By exercising the statutory option of imposing a period of probation in *lieu* of sentencing, the court defers sentencing a

defendant to a fixed term of imprisonment until such time as the defendant has violated the conditions of his probation . . ." *Cole,* at 232, 294 A. 2d at 826. Cf. *Commonwealth v. Scheetz,* 217 Pa. Superior Ct. 76, 268 A. 2d 193 (1970).

In the present case, the original sentencing court said that "prison sentence [is] suspended." He did not, however, pronounce a term of that suspended sentence. Our Court stated in *Tomlin,* supra, that "[t]he infirmity of increasing a previously imposed sentence is that the trial Judge has evaluated the evidence and on that basis has assessed a proper sentence." 232 Pa. Superior Ct. at 150, 336 A. 2d at 409. The instant facts fall within the specific holding of *Cole*: no specific prison sentence was pronounced, therefore, in resentencing after the probation violation, the judge was free to impose any sentence not in excess of the maximum fixed by law for the particular offense.[2]

Finally, the appellant contends that probation cannot be revoked unless the violation of probation is willful and that his failure to pay restitution was due to inability rather than willful disregard of the court's order. He contends that his imprisonment is due solely to his indigence and is, therefore, unconstitutional.

We do not dismiss the claim lightly. The instant case, however, is not an appropriate one in which to announce such a rule. As the lower court stated in its opinion, "[t]he sentencing judge . . . simply did not believe [appellant] and was convinced that his protestations of poverty were not made in good faith." For example, ". . . he, apparently voluntarily, deeded over to his wife his equity in certain entireties real estate worth over $22,000 subject only to a $6,000 mortgage." Further, despite claims of indigency, appellant paid the costs of prosecu-

---

2. The sentence imposed was within the statutory limit. Act of 1939, June 24, P.L. 872, §834 (repealed Act of 1972, December 6, P.L. 1482, (No. 334), 18 Pa. C.S. §101 et seq.)

tion and the sums due the county in lieu of fines. He paid no money at all for restitution. In addition, the appellant had been earning between $15,000 and $17,000 as an assistant manager of a motel restaurant at the time of his guilty plea. The sentencing judge felt that given his once productive earning capacity, appellant failed to explain honestly his alleged inability to command a decent salary since that time. Finally, the court concluded "[a]t the time of the guilty plea in 1971 when he was attempting to secure probation rather than jail, the impression he sought to create was one of unquestioned ability to make restitution if given the opportunity. At the 1974 hearing, his entire appeal was an allegation of uncorroborated indigency, a protestation which did not ring true." The issue of indigency turned on appellant's credibility, a question that is particularly within the province of the hearing judge to decide. Therefore, we find no error in his finding of appellant's willful violation of a condition of his probation.

Judgment of sentence is affirmed.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.