## Commonwealth v. Mastrofrancesco

*John A. Havey,* for relator.

*E. J. Tocci, First Assistant District Attorney,* for respondent.

KLEIN, *J.,* November 13, 1975—The matter before us is a petition for writ of habeas corpus. Relator stands committed in the Beaver County Jail upon sentences imposed by a district justice of the peace on August 20, 1975. The commitment sets forth the sentences as follows:

"19 sentences of 30 days each to be served consectively [sic]."

Relator had entered pleas of guilty to "19 counts of bad checks." He was originally committed on July 8, 1975, in default of bail and is entitled to credit for time served since said date. Thus, relator has served more than 90 days. Each of the "bad check" charges are summary offenses subject to maximum sentence of 90 days, under section 1, Act of December 6, 1972, P.L. 1482 (No. 334), 18 Pa.C.S. §4105 and §1105. In addition, relator was ordered to pay fines totalling $725 and costs totalling $274 and to make restitution in the sum of $572.71.

Relator urges that his detention is illegal for five reasons:

1. That a district justice of the peace has no authority to impose consecutive sentences.

2. That a magistrate has authority to commit only to the county jail and that there is a 12-month limit to incarceration in the Beaver County Jail.

3. That the magistrate orally advised relator that he would release him from custody upon payment of fines, costs and restitution and, therefore, his commitment is infirm as being discriminatory and in violation of the rules concerning imprisonment for failure to pay.

4. That the magistrate failed to specify the order of the 19 sentences, that is, which 30-day sentence was to be served first, which second, etc.

5. That the magistrate failed to advise relator of his right to appeal.

I.

Relator urges that magistrates lack authority to impose consecutive sentences because there is no specific statutory authority providing for same.

However, neither is there authority proscribing the imposition of such sentences.

We are not aware of any good reason why one empowered to sentence should be so restricted. It certainly makes no sense to suggest that a person may commit many offenses before his first prosecution without being required to so much as face the potential of more severe punishment in the form of consecutive sentences than would be faced by an actor who has committed just one offense.

Further, the Act of May 1, 1861, P.L. 682, 42 P.S. §724, provides:

"Whenever any person shall be brought before a justice [of the peace] . . . and if the defendant shall plead guilty [in summary cases] . . . the justice . . . shall proceed to pass sentence upon the defendant, *which shall have the full force and effect of a sentence pronounced by the court of quarter sessions in like cases,* and the defendant shall be committed to the jail of the county until the sentence be complied with." (Emphasis supplied.)

So far as we are able to ascertain, said statute has not been repealed nor has it been suspended by rule of the Supreme Court. There is no doubt that a criminal court of record has the power and authority to impose consecutive sentences. See section 1357 of the Act of December 6, 1972, P.L. 1482 (No. 334), added December 30, 1974, 18 Pa.C.S. §1357, and Pa.R.Crim.P. 1406. Consequently, we hold that a district justice of the peace has the power and discretionary authority to impose consecutive sentences, within lawful maximums.

## II.

Secondly, relator urges that he is entitled to the writ because the sentences imposed exceed a 12-

month total maximum and confinement in the Beaver County Jail is limited to a maximum of 12 months. Should this point be well taken, relator would be entitled to an order of discharge on these sentences, effective July 8, 1976: Commonwealth ex rel. Stevens v. Myers, 419 Pa. 1, 213 A. 2d 613 (1965). On the merits, it is true that a 12-month maximum limitation upon a sentence to the Beaver County Jail existed by virtue of a statute (61 P.S. §460.4, six months limit) and extended to a 12-months limit by approval of the Attorney General within authority delegated to the Bureau of Correction pursuant to the Act of December 27, 1965, P.L. 1237, sec. 4, 61 P.S. §460.3 (4). However, said regulation was superseded by the Act of December 30, 1974, P.L. 920 (No. 345), sec. 1, 18 Pa.C.S. §1362, effective March 30, 1975, which provides:

"All persons sentenced to total or partial confinement for:

". . .

"(3)  maximum terms of less than two years *shall* be committed to a county prison within the jurisdiction of the court except that . . . [where state regional correctional facilities exist] . . . such persons *may* be committed to the Bureau of Correction for confinement." (Emphasis supplied.)

Said statute also provides that persons sentenced to maximum terms of between two and five years *may* be committed either to the county prison or the Bureau of Correction. Only maximum sentences of five years or more require mandatory commitment to the Bureau of Correction.

Said Act of December 30, 1974, P.L. 920 (No. 345), 18 Pa.C.S. §§1351, et seq., is generally referred to as the "Sentencing Code" and deals with the subject of sentencing in a comprehensive manner.

It was enacted as an amendment, by addition, to the Crimes Code, Act of December 6, 1972, P.L. 1482 (No. 334), 18 P.S. §§101, et seq. The index to the Crimes Code when first enacted provided "Chapter . . . 13, Authority of Court in Sentencing (Reserved)." The "Sentencing Code" is now Chapter 13 of the Crimes Code.

The Statutory Construction Act of November 5, 1970, P.L. 707 (No. 230), added December 6, 1972, provides:

"(a) Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject . . .": 1 Pa.C.S. §1971.

"Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail." 1 Pa.C.S. §1936.

Therefore, we hold that the Act of December 30, 1974, 18 Pa.C.S. §1362, supra, prevails over the Act of December 27, 1965, 61 P.S. §460.4, supra, insofar as it applies to the authority of court in sentencing to the county prison.

Further, under the classification of crimes prior to enactment of the Crimes Code, it was held that where a person is convicted of an offense for which the penalty is simple imprisonment, he should be sentenced to the county jail, even though the prescribed punishment may be imprisonment for more than one year. See 11 P.L. Encyc. Crim. Law §997, and cases cited therein.

## III.

Relator endeavored to introduce oral testimony to the effect that the magistrate indicated that he would order the relator released from custody upon the payment of fines, costs and restitution and then argues that such a sentence is infirm and thereby entitling the issuance of the hereinsought writ.

In the case of Commonwealth v. Foster, 229 Pa. Superior Ct. 269, 324 A. 2d 538, 539 (1974), the court held that:

"The courts of Pennsylvania have consistently maintained that '[o]ral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are not part of the judgment of sentence.' [Citations omitted.] As Justice Cardoza [sic] has said: 'The only sentence known to the law is the sentence or judgment entered upon the records of the Court.' Most recently, the United States Court of Appeals for the Third Circuit had occasion to treat a similar question with regard to when a sentence is imposed in Pennsylvania. That learned court concluded: 'Far from denying any constitutional rights of petitioner, the Superior Court applied the established rule in Pennsylvania that a sentence, like any other judgment, is to be construed so as to give effect to the intention of the sentencing judge and that to determine this intention the court will limit itself to the language of the judgment despite oral statements of the sentencing judge which are not incorporated in it.'"

See also Commonwealth v. Young, 223 Pa. Superior Ct. 447, 302 A. 2d 402 (1973).

## IV.

Although not alleged in the petition, plaintiff argued that he is also entitled to the writ because the magistrate failed to designate the order of the 19 sentences. Said contention is also without merit.

"A court is not required to state the count upon which sentence is being pronounced; and if upon any count of the indictment a sentence can be sustained with respect to the length of the term and with respect to the place and the nature of the confinement, the sentence is valid . . ." 10 P.L. Encyc. Criminal Law §822.

Still further, of course, defendant would not be entitled to discharge but merely a correction of the sentences with the requested specificity.

## V.

Another allegation presented to the court in oral argument but not averred in the petition, is that relator merits relief because the magistrate failed to inform him of his right to appeal. Once again, even if sustained, such a contention would produce relief in the form of a right to appeal nunc pro tunc, rather than discharge.

The Rules of Criminal Procedure require a sentencing judge to advise a defendant of his right to appeal (Pa.R.Crim.P. 1405), but no similar rule exists for summary cases. Pa.R.Crim.P. 63 provides for the imposition of sentence and provides that defendant be advised of his right to retain counsel and, upon request, a reasonable opportunity to secure counsel in summary cases. Instantly, relator entered pleas of guilty and was represented by counsel.

The sole issue before us, however, is whether

relator is in confinement in violation of due process of law. He is not. Habeas corpus cannot be used in an attempt to invoke judicial determination of questions not affecting the lawfulness of petitioner's detention: 17 P.L. Encyc. Habeas Corpus §5.

For these reasons, we make the following

## ORDER

And now, November 13, 1975, it is ordered, adjudged and decreed that the petition of William B. Orem, relator, for writ of habeas corpus be and it is hereby, dismissed.