503 A.2d 17

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Eric M. RAYNES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1985.

Filed Jan. 10, 1986.

Ronald M. Puntil, Jr., Altoona, for appellant.

Ellen L. Cohen, Assistant District Attorney, Williamsport, for Com., appellee.

Before CAVANAUGH, JOHNSON and WATKINS, JJ.

CAVANAUGH, Judge:

Appellant, Eric M. Raynes, was arrested and subjected to multiple charges on three different dates in 1981. On September 1, 1982 he entered pleas of guilty to certain of these charges and was sentenced as follows:

(A) "Time served" to two years imprisonment. Jail sentence then imposed, suspended, and appellant placed on two years probation.

(B) One year probation consecutive to (A).

(C) Two years probation consecutive to (A) and (B).

On September 15, 1983 the September 1, 1982 sentences were duly revoked and appellant was given:

(A) Two years probation.

(B) One year probation consecutive to (A).

(C) Two years probation consecutive to (A) and (B).

On March 7, 1984 the September 15, 1983 probation sentences were duly revoked and appellant was given:

(A) Two years probation.

(B) One year probation consecutive to (A).

(C) Two years probation consecutive to (A) and (B).

Finally, on December 21, 1984, the March 7, 1984 probation sentences were duly revoked and appellant was given:

(A) Two to four years incarceration.

(B) One to two years incarceration concurrent to (A).

(C) Two to four years incarceration consecutive to (A) and (B).

Raynes appeals from the denial of his motion for modification of sentence. The sole issue raised on appeal relates to the sentence (A) imposed on December 21, 1984. Appellant does not challenge the right of the court to revoke the probation, but argues that since, at the time of the initial sentence on September 1, 1982, he was given a sentence of incarceration with a maximum of two years, albeit it was suspended in favor of a probation sentence, he may not now be given a sentence in excess of the September 1, 1982 maximum. Thus, it is argued that the two to four year sentence of December 21, 1984 is improper and must be vacated.

Several cases merit consideration. In *Commonwealth v. Tomlin*, 232 Pa.Super. 147, 336 A.2d 407 (1975) a defendant was given a one to five year prison sentence. It was

promptly vacated and a seven year probation sentence was later imposed. The Superior Court reversed a three and one-half to seven year sentence given following a violation of probation. Our court held that, even though the trial court's sentence was subsequently vacated, the maximum term of sentence on the violation of probation is limited to the maximum term of the original sentence. The court, applying double jeopardy principles, held that it made no difference whether the original sentence was "vacated" or "suspended."[1] Later, *Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978) was a case where defendant was given a sentence with a maximum of four years which was vacated in favor of a sentence of four years probation. Upon violation of probation, defendant was given a sentence of one and one-half to three years (appellant argued that this was harsher than the original sentence, since the minimum was substantially higher). The Supreme Court majority, without reference to *Commonwealth v. Tomlin, supra*, held that after an order vacating sentence, the sentence becomes a nullity and the court is free to sentence more severely than the original sentence so long as justified by conduct subsequent to the original sentencing. The last condition was deemed necessary in obedience to double jeopardy principles. *See Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974). The *Colding* court, therefore, recognized that the act of vacating a sentence was crucial. At the same time the court in *Colding* approved a distinction set forth in *Commonwealth v. Cole:*

> "If a defendant is sentenced, but the judge chooses to suspend sentence pending a period of probation, the trial judge may re-sentence the defendant if he violates that probation. The maximum period of the re-sentence is limited, however, to the maximum term under which the defendant was originally sentenced. Our Supreme Court

1. To the extent that Pennsylvania cases which prohibit the imposition of more severe sentences after imposing a lesser sentence have been grounded on federal constitutional double jeopardy principles they may no longer be controlling authorities. *Pennsylvania v. Goldhammer*, — U.S. —, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985), reversing *Commonwealth v. Goldhammer*, 507 Pa. 236, 489 A.2d 1307 (1985).

has held that a 'modification of a sentence imposed on a criminal defendant which increases the punishment constitute[s] further or double jeopardy.' *Commonwealth v. Silverman*, 442 Pa. 211, 215, 275 A.2d 308 (1971); see also *Commonwealth v. Davy*, 218 Pa.Super. 355, 280 A.2d 407 (1971).

"The instant case does not involve a situation where appellant was re-sentenced after a suspended sentence. By exercising the statutory option of imposing a period of probation in lieu of sentencing, the court defers sentencing a defendant to a fixed term of imprisonment until such time as the defendant has violated the conditions of his probation. In other words, the setting of the term of probation is not a term of sentence, and may not act as a limitation on the court to impose a sentence for a term of years greater than the probationary period, not in excess of the maximum fixed by law for the particular offense. The sentence imposed by the court in the instant case—a period of imprisonment of not less than three years nor more than ten years—was within the court's power as authorized by law. It was not a violation of the double jeopardy clause to sentence the appellant to the maximum prison sentence allowable at the time of the original sentencing." *Commonwealth v. Cole*, 222 Pa.Super. 229, 231–232, 294 A.2d 824, 825–826 (1972) (footnotes omitted). See also *Roberts v. United States*, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943).

*Commonwealth v. Colding*, 482 Pa. 112, 116–17, 393 A.2d 404, 407 (1978); *quoting Commonwealth v. Cole*, 222 Pa. Super. 229, 231–232, 294 A.2d 824–886 (1972) (footnotes omitted).

The court thus approved the distinction between "suspended" and "vacated" sentences, and held that in vacating a sentence it became a nullity and the court was free to sentence to a term more severe than the original sentence. When the sentence is suspended and not vacated the result is otherwise. In *Commonwealth v. Scheetz*, 217 Pa.Super. 76, 268 A.2d 193 (1970), a defendant was given a term jail

sentence which was then suspended in favor of a sentence of probation. Upon violation of probation, the sentencing court gave him a sentence more severe than the suspended sentence. On appeal, this court held that the court could not sentence more severely than the sentence originally imposed.

■■■ The relevant portion of Raynes' original (September 1, 1982) sentence is as follows:

> It is HEREBY ORDERED, DIRECTED AND DE-CREED that as to the charge of Burglary at C.A. # 353 of 1981, the defendant, Eric M. Raynes, is sentenced to pay the costs of prosecution and to pay a fine in the amount of One Hundred Fifty Dollars ($150) and he is sentenced to time served (to two years). The jail sentence here imposed is suspended and the defendant is placed on probation for a period of two (2) years under the direction of the Pennsylvania Board of Probation and Parole.

Under *Scheetz, supra,* it is clear that since the sentence was suspended and not vacated upon the first violation of probation, the sentence could not exceed the original suspended sentence term. In fact, the sentence given at that time, September 15, 1983, did not exceed the suspended sentence term, but was, in fact, a lesser sentence—two years probation. On March 7, 1984, when appellant was again in violation of probation, it was the probation sentence of September 15, 1983 that was violated, and, in turn, when he was given the disputed prison sentence on December 21, 1984, it was because he was found in violation of the March 7, 1984 sentence of probation. The sentence given on December 21, 1984 was from the sentence of probation unencumbered by a suspended sentence. The theory of the suspended sentence is that its imposition is deferred while the defendant is given the opportunity to prove himself on probation. It is reasonable that the sentencing court should be held to the limits of its prescribed sanction upon the violation of probation. However, when a new sentence of probation was given, the limitation was not renewed and

upon subsequent violation, the court is only bound by the sentencing strictures relating to the probation sentence which was violated.[2] We decide, therefore, that the court was free to give the two to four year sentence on December 21, 1984, and was not limited to imposing the sentence suspended on September 1, 1982.

Judgment of sentence affirmed.

**2.** It is clear that a more severe sentence may be given upon a finding that an order of probation has been violated or its conditions not met. *Commonwealth v. Vivian,* 426 Pa. 192, 231 A.2d 301 (1967).