**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTINA LAREA LORENZ | : | |
| | : | |
| Appellant | : | No. 49 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 26, 2020
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-0000108-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: DECEMBER 21, 2021**

Appellant, Christina Larea Lorenz, appeals from the judgment of sentence of 20 months to 5 years' incarceration that was imposed by the Court of Common Pleas of Greene County on resentencing for her convictions of aggravated assault, simple assault, and reckless endangerment.[1]   After careful review, we affirm.

On September 27, 2018, Appellant was convicted by a jury of the above crimes for stabbing her then-fiancé in the torso.  On January 18, 2019, the trial court sentenced Appellant to 20 months to 5 years' incarceration for aggravated assault and imposed no sentence for simple assault and reckless

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(4), 2701(a)(2), and 2705, respectively.

endangerment because those offenses merged with the aggravated assault conviction. Sentencing Order, 1/18/19, at 2. Appellant filed a timely post-sentence motion, which was denied, and timely appealed from the judgment of sentence on March 4, 2019. While the appeal was pending, Appellant filed an application to remand the case to the trial court based on after-discovered evidence. On January 13, 2020, this Court granted Appellant's application, vacated Appellant's judgment of sentence, and remanded the case to the trial court to hold an evidentiary hearing on whether Appellant's claim met the requirements for granting a new trial based on after-discovered evidence. **Commonwealth v. Lorenz**, No. 363 WDA 2019, unpublished memorandum at 4-5 (Pa. Super. filed January 13, 2020).

Following this remand, Appellant was released on bail on April 16, 2020. Trial Court Opinion, 3/2/21, at 4. On August 4, 2020, at the hearing on Appellant's after-discovered evidence claim, Appellant's counsel conceded that after further review and investigation, he had determined the Commonwealth's statement on which the after-discovered evidence claim was based was not accurate and that there was no basis for a new trial based on after-discovered evidence. Trial Court Order, 8/10/20, at 2. The trial court accordingly scheduled a hearing to resentence Appellant.

At the resentencing hearing on October 26, 2020, Appellant argued that before her original sentence was vacated, she had been approved for parole and was scheduled to be paroled on May 27, 2020 at the expiration of her

- 2 -

minimum sentence, and that reimposition of the original sentence would have a chilling effect on her right to challenge her conviction because it was likely that the state parole board would not complete evaluating her for parole before she had served more than her minimum sentence. N.T. Resentencing, 10/26/20, at 3, 8, 12-14, 16-17. The trial court reimposed the same sentence that it had originally imposed, sentencing Appellant to the 20 months to 5 years' incarceration for aggravated assault and imposing no sentence for simple assault and reckless endangerment because those offenses merged with the aggravated assault conviction. *Id.* at 24-25; Sentencing Order, 10/26/20, at 2-3. In its sentencing order, the trial court specifically gave Appellant credit for all of the time that she had served and noted that Appellant had only 40 days left to serve on her 20-month minimum sentence. Sentencing Order, 10/26/20, at 2.

Appellant filed a timely post-sentence motion to modify sentence in which she argued that the re-imposition of the 20-month-to-5-year sentence was improper because it had a chilling effect on her right to appeal her conviction. Docket Entry 167; Trial Court Opinion, 3/2/21, at 5-6. On December 21, 2020, the trial court denied Appellant's post-sentence motion. This timely appeal followed.

Appellant presents a single argument in this appeal, that her sentence is illegal because it subjects her to increased incarceration as a result of her

after-discovered-evidence claim and therefore has a chilling effect on her right to challenge her conviction.

Due process of law prohibits imposition of a harsher sentence on a defendant in retaliation for the defendant's successful challenge to his or her conviction or sentence. *North Carolina v. Pearce*, 395 U.S. 711, 723-25 (1969); *Commonwealth v. Speight*, 854 A.2d 450, 455 (Pa. 2004); *Commonwealth v. Ali*, 197 A.3d 742, 761 (Pa. Super. 2018); *Commonwealth v. Barnes*, 167 A.3d 110, 123 (Pa. Super. 2017) (*en banc*).

> Due process of law … requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

*Pearce*, 395 U.S. at 725. To ensure that such retaliation does not occur, a presumption of vindictiveness arises where the same judge who originally sentenced the defendant following a conviction at trial resentences the defendant to a harsher sentence after the original sentence is vacated. *Speight*, 854 A.2d at 455; *Commonwealth v. Watson*, 228 A.3d 928, 937 (Pa. Super. 2020); *Commonwealth v. Robinson*, 931 A.2d 15, 22 (Pa. Super. 2007) (*en banc*).

Appellant's assertion that this is a challenge to the legality of her sentence is incorrect. A claim that a new sentence is invalid under *Pearce* is a challenge to the discretionary aspects of sentence. *Barnes*, 167 A.3d at

122; *Robinson*, 931 A.2d at 21-22. ***But see Commonwealth v. Prinkey***, 319 WAL 2020 (Pa. filed August 31, 2021) (granting appeal on the question whether ***Robinson*** should "be overturned so that Pennsylvania law will treat an appellate challenge to a sentence on the basis of a claim of vindictiveness as a challenge to the legality of the sentence as opposed to the discretionary aspects of sentencing").

To obtain review of the discretionary aspects of sentence, the appellant must have preserved the issue in the trial court at sentencing or in a post sentence motion, must demonstrate that the challenge to the sentence raises a substantial question that the sentence appealed from is not appropriate, and must include in her brief a concise statement of reasons for allowing appeal with respect to the discretionary aspects of sentence in accordance with Rule 2119(f) of the Rules of Appellate Procedure. ***Watson***, 228 A.3d at 935; ***Barnes***, 167 A.3d at 122; Pa.R.A.P. 2119(f). Appellant has satisfied the first two of these requirements. Appellant preserved the issue in the trial court by raising this claim both at sentencing and in her post sentence motion. N.T. Resentencing, 10/26/20, at 12-13, 16-17; Trial Court Opinion, 3/2/21, at 5-6. The law is clear that a claim that a new sentence is invalid on the ground that it imposed a post-appeal increase in the defendant's sentence raises a substantial question for this Court's review. ***Watson***, 228 A.3d at 936; ***Barnes***, 167 A.3d at 123; ***Commonwealth v. Tapp***, 997 A.2d 1201, 1203 (Pa. Super. 2010).

Appellant did not include in her brief a Rule 2119(f) concise statement of reasons for allowing appeal with respect to the discretionary aspects of sentence. The Commonwealth has not, however, objected to Appellant's failure to comply with Rule 2119(f). Failure to comply with Rule 2119(f) does not bar consideration of an otherwise properly preserved challenge to the discretionary aspects of sentence where it is clear from the appellant's brief that a substantial question is raised and the Commonwealth does not object to the absence of a Rule 2119(f) statement. *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014); *Commonwealth v. Kneller*, 999 A.2d 608, 614 (Pa. Super. 2010) (*en banc*). We therefore consider Appellant's challenge to her sentence.

Appellant's claim, however, fails on the merits. The sentence that the trial court imposed on resentencing was the same sentence that it originally imposed, with full credit for time served. It was therefore not a longer sentence or harsher sentence than Appellant's original sentence. Because the trial court did not increase Appellant's sentence, no presumption of vindictiveness or retaliation arises and there is no violation of Appellant's due process rights under *Pearce*. *Commonwealth v. Rominger*, 199 A.3d 964, 971 (Pa. Super. 2018); *Barnes*, 167 A.3d at 124-25; *Commonwealth v. McHale*, 924 A.2d 664, 673 (Pa. Super. 2007), *overruled on other issue*, *Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. 2007).

The fact that the timing of the vacatur of her original sentence adversely affected Appellant's ability to be released on parole as soon as she finished serving her minimum sentence does not bar the trial court from imposing a proper, non-retaliatory sentence on resentencing. **Pearce** and its progeny do not insulate a defendant from all risk of an increased sentence or of serving a longer period of imprisonment after a conviction or sentence is vacated. **Chaffin v. Stynchcombe**, 412 U.S. 17, 18-19, 29-35 (1973) (increased sentence on retrial of life imprisonment imposed by different sentencer where original sentence was 15 years did not violate defendant's due process rights); **Commonwealth v. Sattazahn**, 763 A.2d 359, 368-69 (Pa. 2000), **aff'd sub nom. Sattazahn v. Pennsylvania,**, 537 U.S. 101 (2003) (imposition of death sentence by jury on retrial where life sentence had previously been imposed because of jury deadlock did not impermissibly chill defendant's right to challenge murder conviction); **Tapp**, 997 A.2d at 1203-05 (imposition following retrial of a sentence twice as long as defendant's original sentence did not violate defendant's rights under **Pearce** where second sentence was imposed by a different judge). "[T]he possibility of a harsher sentence … does not place an impermissible burden on the right of a criminal defendant to appeal … his conviction." **Sattazahn**, 763 A.2d at 368 (quoting **Chaffin**) (emphasis omitted) (ellipses in original).

Rather, increased sentences are prohibited due to their chilling effect on the right to challenge a conviction or sentence only where the new sentence

could be reasonably viewed as retaliation for the defendant's exercise of his or her rights. *Alabama v. Smith*, 490 U.S. 794, 798-802 (1989); *Chaffin*, 412 U.S. at 24-35; *Tapp*, 997 A.2d at 1203-05; *McHale*, 924 A.2d at 671. Here, the reimposition of the same sentence that the trial court originally imposed with full credit for time served cannot be viewed as retaliation for Appellant's attempt to set her conviction aside.

None of the cases relied on by Appellant hold that imposition of an identical sentence on resentencing is improper. In each of the cases where a new sentence was invalidated, the period of incarceration imposed by the sentence was longer than the original sentence. *Pearce*, 395 U.S. at 713 & n.1 (second sentence increased the length of the defendant's minimum sentence by almost 3 years); *Commonwealth v. Silverman*, 275 A.2d 308, 309 (Pa. 1971) (trial court increased defendant's sentence from 7 months to 3 years to 2 to 5 years); *Commonwealth v. Tomlin*, 336 A.2d 407, 408 (Pa. Super. 1975) (*en banc*) (trial court increased defendant's sentence from 1 to 5 years to $3^1/_2$ to 7 years).[2] The remaining case relied upon by Appellant,

---

[2] In addition, *Silverman* and *Tomlin* are not applicable here at all, as both involved an alteration by the trial court of an existing sentence, not a resentencing after the original sentence had been vacated on appeal. *Silverman*, 275 A.2d at 310, 312; *Tomlin*, 336 A.2d at 408-09. Where, as here, a conviction or sentence has been set aside on appeal, double jeopardy does not restrict a court's authority in resentencing, provided that the time that the defendant has already served is taken into account. *Pearce*, 395 U.S. at 717-21, 723; *Sattazahn*, 763 A.2d at 366, 368; *Commonwealth v. Martorano*, 634 A.2d 1063, 1068 (Pa. 1993).

***Commonwealth v. Bailey***, 378 A.2d 998 (Pa. Super. 1977) (*en banc*), held that imposition of the same sentence on remand would not violate the defendant's rights. ***Id.*** at 1003.

Because the trial court reimposed the same sentence with full credit for time served and did not sentence Appellant to any longer period of incarceration, the sentence does not violate Appellant's due process rights. We therefore affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021