414 A.2d 635

**COMMONWEALTH of Pennsylvania**

v.

**Joshua COLEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Nov. 9, 1979.

Ronald F. O'Driscoll, Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

VAN der VOORT, Judge:

Appellant was convicted of burglary at No. 4036 October Term, 1974, and was sentenced on June 25, 1975 by Judge Tredinnick to a term of six to twelve years imprisonment.

On May 13, 1975, in another burglary case, at No. 3640 October Term, 1974, Judge Tredinnick had sentenced appellant to a term of six to twelve years. From the sentence at No. 3640, appellant took an appeal to the Superior Court. On June 28, 1976, the Superior Court reversed the lower court and dismissed the complaint because of a violation of Pa.R.Crim.P. 1100. *Commonwealth v. Coleman*, 241 Pa.Super. 450, 361 A.2d 870 (1976).

The sentence at No. 4036 was appealed to the Superior Court, and was affirmed on April 20, 1976. A request for allocatur to the Supreme Court was denied.

At No. 4036, on May 10, 1977, appellant filed a Petition and Supplemental Brief, in which he asked the Court for a Post Conviction Hearing so that his sentence of six to twelve years could be corrected. The petition averred that the conviction at No. 3640 had been reversed by the Superior Court, and that his sentence at No. 4036 should therefore be reconsidered.

The lower court granted a rule in this petition, returnable June 7, 1977, and appointed Attorney George B. Ditter to represent appellant.

The Commonwealth filed an answer to the Petition for a Post Conviction Hearing on May 24, 1977, stating:

"It is denied that the sentence imposed on Bill of Indictment No. 3640 October Term, 1974 was subsequently overruled by the Superior Court of Pennsylvania on or about July 6, 1976."

The Commonwealth, on May 10, 1976, had petitioned the Supreme Court for leave to appeal the Superior Court's reversal of the conviction at No. 3640, and, on March 23, 1978, the Supreme Court reversed the Superior Court at *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), reinstating the conviction and sentence at No. 3640.

In the meantime, on July 20, 1977, Judge Tredinnick entered an order at No. 4036 re-sentencing appellant to five to ten years imprisonment.

On August 2, 1977, the Commonwealth filed a Petition for Reconsideration of Sentence, averring that at No. 3640 the District Attorney had filed a petition for allocatur to the Supreme Court, which petition had been granted, and that argument would be heard on the merits of the case in September 1977. This petition also averred that appellant had filed the May 10th petition alleging that the Indictment at No. 3640 had been dismissed by the Superior Court, and that "as a direct result of the defendant's misrepresentation of fact" the appellant had been resentenced to five to ten years.

To this petition, appellant filed an answer denying any misrepresentation, pointing out that in fact the Superior Court had reversed the conviction at No. 3640. Under "New Matter", appellant's attorney averred that the Commonwealth "knew or had reason to know" it had filed a petition to the Supreme Court for allowance of an appeal at No. 3640, and that the lower court had no power to modify the sentence of July 20, 1977, under the double jeopardy clauses of the United States and Pennsylvania Constitutions, citing *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308, and *Commonwealth v. Tomlin*, 232 Pa.Super. 147, 336 A.2d 407 (1975).

On August 19, 1977, Judge Tredinnick entered an order deferring further proceedings until final determination of the matter by the Supreme Court, and on August 22, 1977 withdrew the order of August 19.

Finally, by order dated April 10, 1978 (about two weeks after the Supreme Court's Order at No. 3640), Judge Tredinnick vacated his order of July 20, 1977, which order had vacated the sentence imposed on June 25, 1975, and the judge sentenced appellant to a term of six to twelve years imprisonment.

From this order dated April 10, 1978, appellant has filed this present appeal.

■ Judge Tredinnick's opinion dated April 10, 1978 summarizes the chronology outlined herein, and ends with a statement that "as a result [of the reversal of the Superior Court by the Supreme Court at No. 3640] it is the judgment of this Court that the original sentence imposed on June 25, 1975, was proper . . . ." He therefore entered an order vacating his order dated July 20, 1977 and sentencing appellant to six to twelve years. *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1977) and *Commonwealth v. Tomlin*, 232 Pa.Super. 145, 336 A.2d 407 (1975) establish the law clearly in Pennsylvania that a modification of a sentence imposed upon a criminal defendant which *increases* his punishment constitutes double jeopardy. Clearly, if the original sentence in this case (dated June 25, 1975) had been five to ten years, a subsequent sentence to six to twelve years would have been illegal, regardless of any factors that influenced the judge in a subsequent sentencing proceeding to increase the punishment.

■ In this present case, the original sentence was for six to twelve years, and was (after hearing on defendant's Post Conviction Petition) later modified to five to ten years. This modification was not illegal per se, since it decreased, rather than increased the punishment. It became, therefore, a legal, proper sentence replacing the original sentence of June 25, 1975, unless the decrease in the punishment was

procured by appellant by such fraud as would make a complete nullity of the PCHA proceedings.

We find no such fraud. The averment in the Petition was correct as far as it went: "Petitioner's sentence on Bill of Indictment No. 3640 . . . was reversed and vacated by the Superior Court . . . ."

The Commonwealth, for whatever reasons, in its Answer simply denied the averment. At a minimum, it seems that the Commonwealth could have averred that an allocatur to the Supreme Court had been allowed, and that the appeal to the Supreme Court was pending.

We see no affirmative duty on the part of appellant's attorney to communicate that fact to the court. Counsel for appellant says at page 7 of his brief that he was without knowledge of this fact at the time of the PCHA hearing.

If the sentence imposed on July 20, 1977 reducing the term to five to ten years, was a valid sentence—as we are satisfied it was—the punishment could not legally be increased thereafter. *Commonwealth v. Tomlin*, supra; *Commonwealth v. Silverman*, supra; *Commonwealth v. Allen*, 443 Pa. 96, 277 A.2d 803 (1971).

The order appealed from is vacated, and the sentence of not less than five nor more than ten years imprisonment entered on July 20, 1977 is reinstated.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent. I would affirm the Order of Judge Tredennick of the court below.