678 A.2d 1206

## COMMONWEALTH OF PENNSYLVANIA

v.

### June SMITH, Appellant.

Superior Court of Pennsylvania.

Argued March 13, 1996.

Filed July 1, 1996.

L. Roy Zipris, Asst. Public Defender, Philadelphia, for appellant.

Jonathan Levy, Asst. Dist. Atty., Philadelphia, for Com.

Before BECK, KELLY and OLSZEWSKI, JJ.

KELLY, Judge:

In this appeal we are asked to determine whether appellant who was previously sentenced to serve a probationary sentence for her conviction of simple assault, with the trial court imposing no further penalty for her possession of an instru-

ment of crime conviction, may upon violation of her probationary sentence for her simple assault conviction be resentenced to serve four years probation for her possession of an instrument of crime conviction. We hold that the trial court violated appellant's double jeopardy rights by resentencing her to serve a four year probationary sentence for her possession of an instrument of crime conviction after it had previously imposed a sentence of no further penalty for this crime. Thus, we reverse the judgment of sentence imposed for appellant's possession of an instrument of crime conviction.

The relevant facts and procedural history of this appeal are as follows. On September 12, 1994, appellant entered into an open guilty plea on the charges of simple assault and possession of an instrument of crime ("PIC").[1] Appellant was sentenced to two years reporting probation for the simple assault conviction, and received no further imposition of sentence for the PIC conviction.[2]

While on probation, appellant frequently missed appointments with the probation department and was discharged from an outpatient drug/alcohol program due to lack of attendance. Additionally, appellant failed two random urinalysis that showed appellant had been drinking alcohol prior to her office visit.

After a violation of probation hearing was held, the trial court found appellant to be in technical violation of the terms and conditions of her probation. Subsequently, appellant's probation was revoked and she was sentenced to a new term of incarceration of not less than eleven and half months nor more than twenty-three months for the simple assault conviction, followed by four years consecutive reporting probation for her PIC conviction. Appellant filed a timely notice of appeal on May 8, 1995.

On appeal, appellant raises the following issues for our review:

1. 18 Pa.C.S.A. § 2701; 18 Pa.C.S.A. § 906.
2. 42 Pa.C.S.A. § 9723.

A. DID THE LOWER COURT ERR, AFTER APPEL-
LANT VIOLATED A PERIOD OF PROBATION
THAT HAD BEEN IMPOSED ON ONE BILL, BY
IMPOSING A SENTENCE OF PROBATION ON
ANOTHER BILL FOR WHICH APPELLANT HAD
INITIALLY RECEIVED A SUSPENDED SEN-
TENCE, AND WHICH COULD NOT, THEREFORE,
CARRY ANY SUBSEQUENT PERIOD OF SUPER-
VISION—EITHER PROBATION OR PAROLE?

B. DID THE IMPOSITION OF A NEW SENTENCE
ON A BILL FOR WHICH APPELLANT HAD ORIG-
INALLY RECEIVED A SUSPENDED SENTENCE
VIOLATE HER RIGHT NOT TO BE SUBJECT TO
DOUBLE JEOPARDY, AS GUARANTEED BY THE
UNITED STATES AND PENNSYLVANIA CONSTI-
TUTIONS?

Appellant's brief at 3.

 An inquiry into the validity of a sentence is a question as to the legality of the sentence, a non-waivable matter. *Commonwealth v. Anderson*, 434 Pa.Super. 309, 643 A.2d 109 (1994); *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235 (1994). An issue of double jeopardy which involves the illegality of a sentence is also a non-waivable issue. *Commonwealth v. Quinlan, supra; Commonwealth v. Staples*, 324 Pa.Super. 296, 471 A.2d 847 (1984).

 Appellant asserts that the trial court erred when it resentenced her for the PIC conviction, where the court had originally sentenced appellant to two years probation for the simple assault conviction, and imposed no further sentence for the PIC conviction. Thus, appellant argues that the trial court did not have the power to resentence appellant for the PIC conviction. Additionally, appellant maintains that the four-year probationary sentence she received upon resentencing for the PIC conviction violated her right not to be subject to double jeopardy, as guaranteed by the United States and Pennsylvania Constitutions.[3] We agree.

3. U.S. Const. Amend. V; PA. Const., Art. I, § 10.

A determination of guilt without further imposition of penalty constitutes a final, appealable order. *Commonwealth v. Rubright,* 489 Pa. 356, 414 A.2d 106 (1980). A trial court may alter or modify a final order within thirty days after its entry, if no appeal is taken. 42 Pa.C.S.A. § 5505; *Commonwealth v. Quinlan supra.* Once the thirty-day period for altering or modifying sentence is over, the trial court loses power to alter its orders. *Commonwealth v. Dasilva* 440 Pa.Super. 291, 655 A.2d 568 (1995); *Commonwealth v. Quinlan, supra.* Furthermore, a modification of sentence imposed on a criminal defendant which increases his punishment constitutes double jeopardy. *Commonwealth v. Coleman,* 271 Pa.Super. 581, 414 A.2d 635 (1979); *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971).

Although the trial court acted within its power when it revoked appellant's probation and resentenced her for the simple assault conviction, the trial court erred when it resentenced appellant for the PIC conviction. First, the trial court had already issued a final sentence for the PIC conviction in the form of a guilt determination without further penalty. The thirty-day period in which it could have altered the sentence expired, and the appellant did not appeal. Therefore, the trial court did not have the power to alter or modify the no-further-penalty sentence it had initially imposed upon appellant. *See Commonwealth v. Dasilva, supra; Commonwealth v. Quinlan, supra.* Thus, the increased punishment appellant received for her PIC conviction following her resentencing for violating her probation for the simple assault conviction constituted a denial of appellant's constitutional right not to be subject to double jeopardy. *See Commonwealth v. Coleman, supra; Commonwealth v. Silverman, supra.*

Based upon the foregoing, we affirm the judgment of sentence imposed for the simple assault conviction, and we reverse the judgment of sentence as to possession of an instrument of crime.

Judgment of sentence for appellant's possession of an instrument of crime conviction is reversed.