J-S13005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES NELSON, | |
| Appellant | No. 1121 EDA 2016 |

Appeal from the Judgment of Sentence Entered March 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001718-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 21, 2017**

Appellant, James Nelson, appeals from the judgment of sentence imposed after he was found to be in violation of his parole, as well as a term of probation he was serving concurrently.  On appeal, Appellant challenges, *inter alia*, the legality of his sentence.  After careful review, we vacate Appellant's judgment of sentence and remand for resentencing.

The facts underlying Appellant's convictions are unnecessary to our disposition of his appeal.  We need only summarize the complex procedural history of his case as follows.  In May of 2015, Appellant entered a guilty plea to identity theft, 18 Pa.C.S. § 4120(a), access device fraud (hereinafter, "fraud"), 18 Pa.C.S. § 4106(a)(1), and theft by unlawful taking (hereinafter,

_____

[*] Former Justice specially assigned to the Superior Court.

"theft"), 18 Pa.C.S. § 3921(a). On September 4, 2015, he was sentenced to 11½ to 23 months' incarceration (with immediate parole) for fraud, three years' probation for identity theft, and no further penalty for theft.

In March of 2016, Appellant violated the conditions of both his parole and probation sentence. Following a revocation hearing on March 9, 2016, Appellant's probation sentence for identity theft was revoked, and he was resentenced to 2 years' probation. Appellant's parole that he was serving for fraud was also revoked, and he was resentenced to a *new term* of incarceration of 1 to 3 years. Additionally, while the court had originally imposed no further penalty for Appellant's theft conviction, the court resentenced Appellant to 2 years' probation for that crime.

On March 18, 2016, Appellant filed a timely post-sentence motion for reconsideration of his sentence. When the court did not rule on that motion, Appellant filed a timely notice of appeal on April 7, 2016.[1] On April 12, 2016, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant timely complied, asserting, *inter alia*, that his sentence of 2 years' probation for theft was illegal. **See** Pa.R.A.P. 1925(b) Statement, 5/3/16, at 2 (unnumbered). Additionally, Appellant challenged

---

[1] Under Pa.R.Crim.P. 708(E), "[a] motion to modify sentence imposed after a revocation … will not toll the 30-day appeal period." Thus, Appellant only had until April 8, 2016, to file a timely notice of appeal, as the trial court had not expressly granted his motion for reconsideration of his sentence.

the legality of the new sentence of incarceration imposed for his fraud conviction. *Id.* at 3 (unnumbered).

Despite the fact that Appellant's appeal to this Court was pending, on May 6, 2016, the trial court issued an order vacating his sentence and scheduling a hearing on Appellant's motion for reconsideration of his sentence. In lieu of this action by the trial court, Appellant filed with this Court a "Petition for Remand or to Order Trial Court to File Opinion and Transmit Record." Before we could rule on Appellant's petition for remand, however, the trial court conducted the hearing on July 7, 2016, and 'corrected' Appellant's sentence by imposing 30 days' to 12 months' incarceration for his identity theft conviction, 11½ to 23 months' incarceration for his fraud offense, and no further penalty for his theft conviction. According to the trial court it "rescheduled the reconsideration sentencing" until August of 2016. *See* Trial Court Opinion (TCO), 8/15/16, at 4.

Meanwhile, on July 15, 2016, this Court issued a *per curiam* order directing the trial court "to certify and transmit the record, including its opinion pursuant to Pa.R.A.P. 1925(a), to the Prothonotary of this Court, no later than thirty (30) days from the date" on which that order was filed. Order, 7/15/16. Notwithstanding our directive, the trial court ultimately held the 'reconsideration sentencing' hearing on August 15, 2016. At that proceeding, the court again sentenced Appellant to 30 days' to 12 months' incarceration for his identity theft conviction, 11½ to 23 months'

- 3 -

incarceration for his fraud offense, and no further penalty for his theft conviction. On August 17, 2016, this Court finally received the certified record from the trial court.

Now, on appeal, Appellant raises the following three issues for our review, which we have reordered for ease of disposition:

1. Did not the lower court err by imposing new sentences in 2016 on count 2[, fraud,] of a new period of incarceration upon which [Appellant] was sentenced in 2015 to a period of incarceration without a consecutive period of probation, and thus only a back[-]time sentence was available[,] and on count 3[, theft,] on which he was adjudged guilty without further penalty in 2015?

2. Did not the lower court err by entering the May 10, 2016 order vacating the sentence imposed on March 9, 2016, and then imposing new sentences on July 7, 2016 and August 15, 2016, as the lower court lacked jurisdiction, because more than thirty days had passed since the imposition of a sentence for a violation of probation and parole, and a timely appeal had been taken to this Court?

3. Did not the lower court err by imposing a manifestly excessive sentence of total confinement for minor technical violations, where the lower court failed to consider the Sentencing Code in imposing the sentence[?]

Appellant's Brief at 3.

We begin by addressing Appellant's challenge to the legality of the revocation sentence imposed by the trial court on March 9, 2016. First, Appellant maintains that the sentence imposed for his fraud offense was illegal because, after revoking his *parole*, "the court imposed a new sentence of incarceration." Appellant's Brief at 32. The Commonwealth agrees with Appellant that his sentence for fraud was illegal. ***See*** Commonwealth's Brief

at 5 (concluding that Appellant's sentence for fraud was illegal because the "court did not sentence him to serve the balance of his original sentence, but instead ordered him to serve a new term of one to three years"). In support, both parties rely on this Court's decision in *Commonwealth v. Ware*, 737 A.2d 251 (Pa. Super. 1999). There, we stated:

> Clearly, the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. *See Commonwealth v. Carter*, 336 Pa. Super. 275, 281 n. 2, 485 A.2d 802, 805 n. 2 (1984). Moreover, such a recommittal is just that - a recommittal and not a sentence. *Abraham v. Dept. of Corrections*, 150 Pa. Cmwlth. 81, 97, 615 A.2d 814, 822 (1992). Further, at a "Violation of Parole" hearing, the court is not free to give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail...." *See Commonwealth v. Fair*, 345 Pa. Super. 61, 64, 497 A.2d 643, 645 (1985) *citing* 61 P.S. § 314. There is no authority for giving a new sentence with a minimum and maximum. *Id.* at 61, 497 A.2d at 645.

*Ware*, 737 A.2d at 253 (quoting *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993)).

Based on *Ware*, we agree with Appellant, and the Commonwealth, that Appellant's March 9, 2016 sentence for fraud was illegal, as it was imposed after the court revoked his parole for that crime.

Appellant also argues that his March 9, 2016 sentence for theft was illegal. He stresses that he was originally sentenced to 'no further penalty' for that conviction, yet at the revocation/resentencing hearing, the court imposed a term of 2 years' probation for that offense. Again, the

Commonwealth agrees with Appellant that his March 9, 2016 sentence for theft was illegal. *See* Commonwealth's Brief at 6 (citing ***Commonwealth v. Williams***, 997 A.2d 1205, 1210 (Pa. Super. 2010) (holding that a 'no further penalty' sentence carries "an expectation of finality[,]" and "a probation revocation court does not have the authority to re-sentence an offender on a final guilt-without-punishment sentence after the period for altering or modifying the sentence has expired") (citing ***Commonwealth v. Smith***, 678 A.2d 1206 (Pa. Super. 1996)). Based on our discussion in ***Williams***, we agree with the parties that Appellant's March 9, 2016 sentence of 2 years' probation for theft was patently illegal.

Having concluded that the court imposed two illegal sentences at the March 9, 2016 revocation/resentencing hearing, we must now address Appellant's argument that the trial court lacked jurisdiction to correct those illegal sentences in July and August of 2016. In support of this claim, Appellant relies on 42 Pa.C.S. § 5505, which states:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

Appellant stresses that here, not only had thirty days elapsed between his March 9, 2016 sentencing and the court's May 6, 2016 order vacating that sentence, but he had also filed a timely notice of appeal in April of 2016. Therefore, Appellant asserts that the trial court lacked jurisdiction to vacate his March 9, 2016 sentence and resentence him.

We agree. Clearly, under section 5505, the court did not have jurisdiction to vacate the March 9, 2016 sentencing order, as more than 30 days had passed since the filing of that order, and because Appellant had also filed a notice of appeal. However, as our Supreme Court has held, there exists a "limited class of cases amenable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction." *Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007). Here, the trial court concluded that it had such 'inherent power' to correct the illegal sentences imposed on March 9, 2016. *See* TCO at 3 (stating that it had "the inherent power to correct [the] obvious and patent error[s]" contained in the March 9, 2016 sentencing order) (citing *Commonwealth v. Cole*, 263 A.2d 339, 341 (Pa. 1970)).

We recognize that in *Holmes*, our Supreme Court concluded that a 'new sentence' of incarceration, imposed after the defendant's parole was revoked, constituted a 'patent error' that the trial court had inherent authority to correct. *See Holmes*, 933 A.2d at 66. Therefore, under *Holmes*, it seems that the trial court did have the authority to correct that same error in Appellant's sentence for fraud. However, on the two occasions (July 7, 2016 and August 15, 2016) that the court attempted to correct Appellant's fraud sentence, it *again* imposed a 'new sentence' of 11½ to 23 months' incarceration, and did not expressly give Appellant credit for the time he had served on that sentence prior to his release on parole. Thus, even accepting that the court had the authority to correct Appellant's March

9, 2016 sentence for his fraud offense, the 'corrected sentence' is still illegal and must be vacated.

In lieu of this decision, and given the "tortured history" of this case as a whole, *see* TCO at 4, we conclude that it is appropriate to vacate Appellant's judgment of sentence as a whole, and remand for resentencing on all of his convictions.[2]  In particular, for Appellant's fraud conviction, the court may resentence him to serve *only* the balance of the sentence previously imposed.  Additionally, for Appellant's theft conviction, the court may only impose a sentence of 'no further penalty.'  Finally, for Appellant's conviction of identity theft, for which the court revoked Appellant's probation, "the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (citations omitted).

Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

---

[2] Given our decision, we need not address Appellant's third issue challenging the discretionary aspects of his sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/2017