J-S74041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE M. ACOSTACORONA | : | |
| | : | |
| Appellant | : | No. 3337 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003571-2015,
CP-51-CR-0011733-2015

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 23, 2019**

Jose M. Acostacorona appeals from the judgment of sentence entered on July 21, 2017, following his violation of probation (VOP). Acostacorona challenges the discretionary aspects of his sentence and maintains that the VOP court erred by imposing an illegal sentence. We affirm in part and vacate in part.

This case stems from three separate incidents that resulted in charges against Acostacorona, which the trial court consolidated for trial. In June 2014, Acostacorona got into an argument with his former girlfriend, Veronica Flores, punched her in the head multiple times and threatened to kill her. Several months later, Acostacorona twice broke into Flores's apartment to threaten and sexually assault her.

In September 2016, Acostacorona pled *nolo contendere* to one count of simple assault, two counts of indecent assault, two counts of unlawful restraint, and one count of terroristic threats.[1] In all, the court imposed 11½ to 23 months with immediate parole on the indecent assault convictions, followed by 10 years of probation on the remaining charges. More particularly, the sentence broke down as follows: for each of the two indecent assault convictions, 11½ to 23 months' imprisonment, concurrent, with immediate parole; for each of the two unlawful restraint convictions, five years' probation, consecutive; and for the simple assault conviction, five years' probation, concurrent with the other probation sentences. The trial court also ordered Acostacorona to have no contact with the victim, Flores.

However, Flores filed a complaint with the Philadelphia Adult Probation and Parole Department ("APPD") in June 2017, alleging that Acostacorona had called her several times immediately after he was released from jail. She also stated that he had attempted to make contact with her via Facebook, even though he was prohibited from having social media accounts as a condition of his probation. On July 21, 2017, the court held a VOP hearing where it determined that Flores's accusations were credible.

Accordingly, the VOP court found Acostacorona in violation and resentenced him. Defense counsel suggested that the court impose "the 11 and a half to 23 on" the simple assault conviction, and "impose the same

---

[1] 18 Pa.C.S.A. §§ 2701, 3126, 2902, 2706.

probation sentences" on the other charges. N.T., 7/21/17, at 74-75. Defense counsel stated, "In other words, the sentences would be exactly the same except for instead of the two years' probation on the simple assault, Your Honor is imposing 11 and a half to 23 months." *Id.* at 75. The court agreed to the suggestion, stating, "I think it makes sense. So on the . . . unlawful restraint, that's an M1, put five years. The terroristic threats, five years. That's ten, and then a concurrent two years' probation on the indecent assault." *Id.* The court summarized the sentence, "So it nets out to ten years [of probation] on [the terroristic threats and unlawful restraint charges] and 11 and a half to 23 months on the simple assault. . . ." *Id.* Notably, although the court originally sentenced Acostacorona to prison for the indecent assault charges, with immediate parole, upon revocation, it gave him new probation sentences on those charges.

Acostacorona filed a motion for reconsideration of his VOP sentence arguing that his sentence was manifestly excessive. The VOP court denied the motion and the instant timely appeal followed.

Acostacorona raises the following issues for our review:

1. Was not the sentence of incarceration for a first-time technical violation of probation manifestly excessive and unreasonable?

2. Were not the new probationary sentences on the two counts of indecent assault illegal, as the original sentences on those charges were for incarceration without a term of probation, and therefore the court did not have jurisdiction to impose new sentences on those charges?

Acostacorona's Br. at 3.

Acostacorona's first issue challenges the discretionary aspects of his sentence. Thus, we begin by noting "a [c]hallenge to the discretionary aspects of a sentence is not appealable as of right." **Commonwealth v. Green**, --- A.3d ---, 2019 Pa.Super. 39 (Pa.Super. 2019). Before reviewing the merits of his claim, we must determine whether: (1) the appeal is timely; (2) the issue was preserved at sentencing or in a post-sentence motion; (3) the brief includes a Pa.R.A.P. 2119(f) statement;[2] and (4) a substantial question is presented. **See id.**

Here, Acostacorona's appeal is timely, he preserved his issue in a post-sentence motion, and he provides a Rule 2119(f) statement. Specifically he contends that his VOP sentence was manifestly excessive because his violation of the no-contact order did not warrant incarceration. Acostacorona's claim raises a substantial question. **See Commonwealth v. Williams**, 69 A.3d 735, 740 (Pa.Super. 2013) (finding claim "court imposed a sentence unreasonably disproportionate to her crimes and unduly excessive" raised substantial question). Therefore, we now proceed to a review of the merits of Acostacorona's claim.

We review a challenge to the discretionary aspects of sentencing for an abuse of discretion. **Commonwealth v. Bullock**, 170 A.3d 1109, 1123

---

[2] "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

(Pa.Super. 2017). An abuse of discretion is present where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill-will, or arrived at a manifestly unreasonable decision." *Id.*

Pursuant to Pennsylvania statute 42 Pa.C.S. § 9771(b), upon revocation of probation "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." Further, a VOP court may impose a sentence of total confinement if it finds that "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c). Moreover, we note that "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa.Super. 2012).

In the instant case, the VOP court found that Acostacorona's actions indicated that he was likely to continue his criminal conduct and that confinement was necessary to vindicate the authority of the court. *See* 42 Pa.C.S. § 9771(c). In its opinion, the VOP court explained:

In the present case, [Acostacorona] has shown that he is not a good candidate for community supervision. He previously received a probation-only sentence, which allowed him to rejoin the community immediately following his conviction. However, almost immediately after his release, [Acostacorona] had already begun a pattern of attempting to contact the complaining witness. In light of that very serious violation, the court found that an additional probation-only sentence would not defer further "passive-aggressive behavior" from [Acostacorona]. [Acostacorona's] failure to abide by the rules of the court must not be tolerated. Based on [Acostacorona's] repeated insubordinate conduct, this Court was well within its discretion to revoke [Acostacorona's] supervision and impose a new sentence.

Tr. Ct.'s 1925(a) Op., 12/21/17, 4.

We agree and conclude that the VOP court's sentence was not excessive. Indeed, Acostacorona committed a serious probation violation, almost immediately, by contacting the victim in this case in direct violation of a no-contact probation requirement. Moreover, this Court takes special note of Acostacorona's violent past conduct and the victim Flores' courage in coming forward. If Acostacorona should again violate his probation, we anticipate that the trial court's subsequent sentence would reflect the gravity of his escalating criminal conduct and its inevitably deleterious effect on the victim. Instantly, we hold that Acostacorona's VOP sentence is not manifestly excessive. Thus, Acostacorona's first issue does not merit relief.

Turning to his second issue, Acostacorona asserts that the VOP court issued an illegal sentence by imposing two additional years of probation for each count of indecent assault when he was originally sentenced to 11½ to 23 months incarceration on those charges, with no probation tail, and was immediately granted parole. Specifically, Acostacorona contends that because

he was not originally sentenced to probation on his indecent assault convictions, his revocation of probation on the other charges did not permit the VOP court to impose a new sentence on a conviction for which he was no longer incarcerated. We agree.

As a prefatory matter, we note that it is of no moment that Acostacorona did not raise the issue of the legality of his sentence in the VOP court because "an inquiry into the validity of a sentence is a question as to the legality of the sentence, a non-waivable matter." **Commonwealth v. Smith**, 678 A.2d 1206, 1207 (Pa.Super. 1996). Further, it is axiomatic that a parole-revocation court does not have authority to impose a new penalty. **Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa.Super. 2008). "Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." **Id.** Accordingly, the Commonwealth concedes that because Acostacorona was on parole from his indecent assault sentence and not on probation therefrom, his additional new sentence of probation on his indecent assault convictions must be vacated and we agree.

Our review of the record reveals that the VOP court was without authority to impose additional terms of probation on Acostacorona's indecent assault convictions because he was not serving probation for those charges at the time the VOP court revoked his probation on the other related charges. Rather, he was on parole from his indecent assault sentences. Therefore, Acostacorona's sentence of two additional years of probation for each count of indecent assault constituted an illegal sentence and must be vacated.

However, even though we are concerned about Acostacorona's egregious criminal conduct toward the victim Flores, we must vacate the illegal portion of Acostacorona's sentence without remanding for resentencing because our disposition will not disturb the VOP court's overall sentencing scheme. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa.Super. 2006) (if this Court's "decision does not alter the overall [sentencing] scheme, there is no need for a remand."). The VOP court explicitly stated on the record that she intended to impose an aggregate sentence of 11 and a half to 23 months' incarceration to be followed by ten years of probation. Thus, because the four year sentence of probation for indecent assault was to be served concurrently with Acostacorona's other sentences, vacating the offending four year term of probation would not in any way alter the VOP's aggregate total sentence. Therefore, in light of our standard of review and this Court's role as an error-correcting court, we are constrained to decline to remand for resentencing.

Judgment of Sentence imposed for violation of 18 Pa.C.S.A. § 3126 vacated. Judgment of Sentence affirmed in all other respects. Jurisdiction relinquished.

Judge Lazarus joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/23/19