J-S45043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          : PENNSYLVANIA
                                          :
              v.                         :
                                          :
                                          :
MALIK MILES                       :
                                          :
              Appellant          : No. 988 EDA 2018

Appeal from the Judgment of Sentence December 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006808-2009

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED AUGUST 09, 2019**

The Appellant, Malik Miles (Miles), appeals the judgment of sentence entered in the Philadelphia County Court of Common Pleas (trial court) following this Court's remand for resentencing in ***Commonwealth v. Miles***, 1052 EDA 2016 (Pa. Super. January 6, 2017). At the resentencing, Miles received a prison term of 10 to 20 years for attempted murder and a consecutive term of 3 to 6 years for possession of firearms by a person prohibited. Miles now argues that the sentence on the firearms' possession count violates the prohibition against double jeopardy. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

The pertinent case facts below are taken from the certified record. In 2010, Miles was found guilty after a jury trial of attempted murder, possession of firearms by a person prohibited, aggravated assault, criminal conspiracy, carrying firearms without a license, possession of an instrument of crime and recklessly endangering another person.[1] Of those counts, he was only sentenced on the attempted murder conviction but the trial court applied a statutory enhancement in order to impose a term of between 20 and 40 years. **See** 18 Pa.C.S. § 1102(c) (increasing maximum sentence for attempted murder from 20 years to 40 years in the event of a victim's serious bodily injury). Miles received no further penalty on the remaining counts.

This Court affirmed the judgment of sentence on direct appeal in **Commonwealth v. Miles**, 55 A.3d 143 (Pa. Super. 2012) (unpublished memorandum). Miles did not petition for an allowance of appeal to our Supreme Court and his judgment of sentence became final in 2012.

Miles then timely filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. He challenged the applicability of the sentencing enhancement, arguing that it violated **Apprendi v. New**

---

[1] A jury found Miles guilty of all offenses except for the firearms' possession count. As to that count, Miles waived the right to a jury and was found guilty by the trial judge.

*Jersey*, 530 U.S. 466 (2000), because the jury did not make the requisite finding of serious bodily injury.[2] The Commonwealth conceded that the sentence was improper and we vacated the sentence and remanded for resentencing. *See Miles*, 1052 EDA 2016 *2-3.

On remand, the trial court resentenced Miles as outlined above. Miles then filed the present appeal[3] and, in his brief, he contends that "the trial court imposed an illegal sentence for possession of a firearm when the original penalty of no further penalties . . . had already been satisfied[.]" Appellant's Brief, at 5.

## II.

The central question before us is whether the trial court could resentence Miles on the firearms' possession count even though he never disputed that specific aspect of the original sentencing order.[4] In a similar

---

[2] "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The United States Supreme Court has stated that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the bases of the facts reflected in the jury verdict or admitted by the defendant*." Blakely v. Washington*, 542 U.S. 296, 303–04 (2004).

[3] Both Miles and the trial court complied with Pa.R.A.P. 1925.

[4] The issue in this appeal presents a question of law, so our scope of review is plenary and our standard of review is *de novo*. *See Commonwealth v. Bortz*, 909 A.2d 1221, 1223 (Pa. 2006).

case, this Court held that such circumstances do **not** limit a resentencing or otherwise raise double jeopardy concerns:

> [W]e have held that if a trial court errs in its sentence on one count in a multi-count case, then all sentences for all counts will be vacated so that the court can restructure its entire sentencing scheme. **Commonwealth v. Vanderlin**, 580 A.2d 820, 831 (Pa. Super. 1990). This has been held true even where Appellant specifically limits his appeal to one particular illegal sentence based upon one bill of information and does not appeal sentences based upon other bills of information, where those sentences are part of a common sentencing scheme. **Commonwealth v. Sutton**, 583 A.2d 500, 502 (Pa. Super. 1991).

**Commonwealth v. Bartrug**, 732 A.2d 1287, 1289 (Pa. Super. 1999) (some citations omitted).

Our Supreme Court gave the rationale for the above rule in **Commonwealth v. Goldhammer**, 517 A.2d 1280 (Pa. 1986), explaining that "where a defendant appeals a judgment of sentence, he accepts the risk that the Commonwealth may seek a remand for resentencing thereon if the disposition in the appellate court upsets the original sentencing scheme of the trial court." This is because by challenging one of several sentences, a defendant "in effect, challenges the entire sentencing plan." **Id.** (quoting **United States v. Busic**, 639 F.2d 940, 947 n.10 (3d Cir. 1981)). Accordingly, by seeking PCRA relief based on an unlawful enhancement for the attempted murder count, Miles contested the entire judgment of sentence, including the terms relating to his remaining convictions.

Miles counters that his sentence of "no further penalty" on the firearms' possession count was satisfied 30 days after it was imposed, precluding the

- 4 -

trial court from taking any further action as to that part of the sentence. **See** Appellant's Brief, at 9. He similarly contends that this Court's order vacating the judgment of sentence in the PCRA appeal could not affect a term of "no further penalty" because other than the attempted murder count, "there was no other sentence open to vacate." **Id**.

However, the law is clear that a defendant may be resentenced on counts for which he originally received "no further penalty." **See Bartrug**, 732 A.2d at 1289. By vacating a judgment of sentence order, all interrelated sentencing terms are nullified. **Id**. at 1289-90.[5] As a result of the nullification, none of the terms in a vacated order remain "open" or "closed" as Miles suggests, but rather have no effect at all, as if they never existed in the first place. **See Commonwealth v. Wilson**, 934 A.2d 1191, 1196 (Pa. 2007) (stressing that to "vacate" an order means to invalidate it to the extent it is completely null and void); **see also Commonwealth v. Kunish**, 602 A.2d 849, 852-53 (Pa. 1992) (defendant has no expectation of finality in a sentence

---

[5] Miles cites **Commonwealth v. Smith**, 678 A.2d 1206 (Pa. Super. 1996), for the proposition that a new term can never be imposed after a defendant receives a no-further penalty sentence and the period to modify it has elapsed. **See** Appellant's Brief, at 9. That case is distinguishable because it concerned a resentencing upon a violation of probation, **Smith**, 678 A.2d at 1206-07, not resentencing on remand where the original judgment of sentence had been vacated. Moreover, even in the context of a modification, this Court has recognized that **Smith** is no longer good law. **See generally Commonwealth v. Postell**, 693 A.2d 612, 615 n.3 (Pa. Super. 1997).

he appeals).  Thus, once Miles' original judgment of sentence was vacated in his PCRA appeal, the order became a total nullity and did not bar the trial court from resentencing him on the firearms' possession count.[6]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/19

---

[6] We note that other constitutional principles such as the prohibition on vindictive sentencing would have been applicable on remand but that Miles has not asserted any claims beyond those already addressed here.